# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALBERTO CRUZ-GARCIA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, F.C.I. MENDOTA,<br><br>Respondent. | Case No. 1:24-cv-00076-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>(ECF No. 8)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Jose Alberto Cruz-Garcia is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the undersigned recommends that Respondent's motion to dismiss be granted and the petition be dismissed as moot.

**I.**

**BACKGROUND**

In the petition, Petitioner challenges a Federal Bureau of Prisons' ("BOP") policy of refusing to allow prisoners with immigration detainers to apply earned time credits ("FTCs" or "ETCs") under the First Step Act ("FSA"). (ECF No. 1.) On May 14, 2024, Respondent filed a motion to dismiss the petition, arguing, *inter alia*, that "Petitioner presently has no standing as a former BOP inmate, and — at the time of filing — he had no standing to claim FSA ETC

sentence-offset application for presence of a (now executed) Final Order of Removal." (ECF No. 8 at 1.[1]) To date, no opposition or statement of nonopposition has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). "When subsequent events resolve the dispute, such that no live issues remain or the parties lack a legally cognizable interest in the outcome, a case becomes moot." Cuviello v. City of Vallejo, 944 F.3d 816, 824 (9th Cir. 2019). "A case that becomes moot at any point during the proceedings is 'no longer a "Case" or "Controversy" for purposes of Article III,' and is outside the jurisdiction of the federal courts." United States v. Sanchez-Gomez, 584 U.S. 381, 385–86 (2018) (quoting Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013)).

Here, Petitioner asserts that BOP policy is preventing Petitioner from applying his FSA earned time credits toward time in prerelease custody or supervised release. However, Petitioner was removed from the United States to Mexico on February 1, 2024. (ECF No. 8-1 at 2, 1.) Given that Petitioner is no longer in BOP custody or otherwise in prerelease custody or under supervised release, Petitioner is no longer suffering from an actual injury traceable to Respondent and likely to be redressed by a favorable judicial decision. Accordingly, the Court finds that there is no longer a case or controversy for purposes of Article III and the petition should be dismissed as moot. In light of this determination, the Court will not address the other grounds for dismissal set forth in the motion to dismiss.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 8) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED as MOOT.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 7, 2024**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

3